UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KATHLEEN CLARK, ET AL.** | **CIVIL DOCKET** |
| **VERSUS** | **NO. 16-17804** |
| **STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY** | **SECTION: "E"** |

## ORDER AND REASONS

This matter comes before the Court on a motion to remand filed by Plaintiffs, Kathleen and Peter Clark.[1] On December 27, 2016, Defendant State Farm Mutual Automobile Insurance Company ("State Farm") removed this case to the Eastern District of Louisiana.[2] On September 5, 2017, Plaintiffs filed a motion to remand, including a binding affidavit stipulating that it is a legal certainty that they will not be able to recover more than $75,000.[3] The Court finds Plaintiffs' affidavit is sufficient to demonstrate that it is a "legal certainty" Plaintiffs will not be able to recover damages beyond the jurisdictional amount. For the reasons that follow, the motion to remand[4] is **GRANTED**, and this action is hereby remanded to the 22nd Judicial District Court for the Parish of St. Tammany, State of Louisiana.

## FACTUAL AND PROCEDURAL BACKGROUND

On November 7, 2016, Plaintiffs filed a lawsuit in the 22nd Judicial District Court for the Parish of St. Tammany, State of Louisiana. Plaintiffs allege personal injuries as a result of an automobile accident that occurred on or about November 19, 2014.[5] In their

---

[1] R. Doc. 17.
[2] R. Doc. 1.
[3] R. Doc. 17-2.
[4] R. Doc. 4.
[5] R. Doc. 1-1, at 4.

1

original petition, Plaintiffs do not specify the amount of damages they are claiming, though the petition does state "The matter [sic] in controversy is less than SEVENTY-FIVE THOUSAND ($75,000.00) DOLLARS."[6] Instead, Plaintiffs allege that as a result of this accident and resulting injuries, they sustained damages as follows: (1) Medical expenses, past, present and future; (2) Pain and suffering, past, present and future; (3) Loss of Wages and/or earning capacity; (4) Loss of enjoyment of life; (5) Disability; (6) Attorneys' Fees; (7) Bad faith damages; and (8) Past and Future loss of consortium and society.[7]

On December 27, 2016, State Farm removed this case to federal court.[8] In their notice of removal, State Farm explains, "Plaintiffs' petition and the facts set forth in this removal notice establish that the amount in controversy exceeds SEVENTY-FIVE THOURSAND [sic] and NO/100s ($75,000.00) DOLLARS, exclusive of interest and costs despite the allegation in the petition that the matter in controversy is less than $75,000."[9] On September 5, 2017, Plaintiffs filed a motion to remand, including an affidavit stipulating that it is a legal certainty they will not be able to recover more than $75,000.[10]

## **LEGAL STANDARD**

Federal courts are courts of limited jurisdiction and possess only the authority conferred upon them by the United States Constitution or by Congress.[11] Federal law allows for state civil suits to be removed to federal courts in certain instances. Generally, removal jurisdiction is governed by 28 U.S.C. § 1441(a), which provides:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants,

---

[6] R. Doc. 1-1, at 6.
[7] *Id.* at 5.
[8] R. Doc. 1.
[9] R. Doc. 1, at 3, ¶ 7.
[10] R. Doc. 17-2.
[11] *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

2

to the district court of the United States for the district and division embracing the place where such action is pending.[12]

"The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper."[13] When removal is based on federal diversity jurisdiction, the removing party must show that (1) complete diversity of citizenship exists between the parties, and (2) the amount in controversy exceeds $75,000.00, exclusive of interest and costs[14] "The jurisdictional facts supporting removal are examined as of the time of removal."[15] "Ambiguities are construed against removal and in favor of remand because removal statutes are to be strictly construed."[16]

## LAW AND ANALYSIS

The Fifth Circuit has "established a clear analytical framework for resolving disputes concerning the amount in controversy for actions removed from Louisiana state courts pursuant to 1332(a)(1)."[17] Because Louisiana law prohibits state-court plaintiffs from claiming a specific amount of damages,[18] the removing defendant must establish by a preponderance of the evidence that the amount in controversy exceeds the $75,000.00 jurisdictional amount at the time of removal.[19] The removing defendant may meet its burden in one of two ways, either (1) by demonstrating that it was "facially apparent" from the allegations of the state court petition that the amount in controversy exceeded the

---

[12] 28 U.S.C. § 1441(a).
[13] *See Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).
[14] *Garcia v. Koch Oil Co. of Tex., Inc.*, 351 F.3d 636, 638 (5th Cir. 2003) (citing *St. Paul Reinsurance Co. v. Greenburg*, 134 F.3d 1250, 1253 (5th Cir. 1998)).
[15] *Poche v. Eagle, Inc.*, No. 15-5436, 2015 WL 7015575, at *2 (E.D. La. Nov. 10, 2015) (citing *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000)).
[16] *Poche*, 2015 WL 7015575, at *2 (citing *Manguno*, 276 F.3d at 723).
[17] *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir. 2000) (citing *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999)). *See also Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).
[18] *See* LA. CODE CIV. PROC. Art. 893.
[19] *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999); *Luckett*, 171 F.3d at 298.

$75,000.00 jurisdictional threshold, or (2) by offering "summary-judgment type evidence" of facts in controversy, which support a finding that the requisite amount is in controversy.[20]

Even if the removing defendant meets its burden in either of these ways, a plaintiff can defeat removal by showing, to a legal certainty, that its recovery will be less than $75,000.00.[21] A plaintiff's post-removal affidavit or stipulation offered for this purpose may be considered in limited circumstances. If the amount in controversy is not facially apparent from the allegations in the state court petition and, in fact, is ambiguous at the time of removal, the court may consider a post-removal affidavit or stipulation to assess the amount in controversy as of the date of removal.[22] If, on the other hand, the amount in controversy is clear from the face of the state court petition, post-removal affidavits or stipulations that purport to reduce the amount of damages a plaintiff seeks cannot deprive the court of jurisdiction.[23] Looking to the pleadings, Court finds that, at the time of removal, the amount in controversy in this case was ambiguous.

Because the amount in controversy was ambiguous at the time of removal, the Court may consider a post-removal affidavit. Plaintiffs' attached affidavit is sufficiently binding. Plaintiffs' affidavit stipulates the amount in controversy is less than $75,000.00 and states that Plaintiffs renounce "any portion of any judgment which may be rendered

---

[20] *White v. FCI USA, Inc.*, 319 F.3d 672, 674 (5th Cir. 2003). *See also Simon*, 193 F.3d at 850; *Luckett*, 171 F.3d at 298.
[21] *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1411-12 (5th Cir. 1995). *See also Sterns v. Scottsdale Ins. Co.*, No. 09-6449, 2010 WL 2733771, at *3 (E.D. La. July 8, 2010).
[22] *Gebbia*, 233 F.3d 880, 883 (5th Cir. 2000); *Associacion Nacional de Pescadores v. Dow Quimica de Columbia S.A.*, 988 F.2d 559, 565 (5th Cir. 1993) (When the affidavit "clarify[ies] a petition that previously left the jurisdictional question ambiguous," the court may consider the affidavit in determining whether remand is proper.). *See also Cummings v. Winn-Dixie Montgomery, LLC*, No. 15-195-SDD-RLB, 2015 WL 4772185 (M.D. La. Aug. 12, 2015); *Nelson v. Nationwide Mut. Ins. Co.*, 192 F. Supp. 2d 617, 619 (E.D. La. 2001) ("[I]f it is facially apparent from the petition that the amount in controversy exceeds $75,000 at the time of removal, post-removal affidavits, stipulations, and amendments reducing the amount do not deprive the district court of jurisdiction.").
[23] *Gebbia*, 233 F.3d at 883.

in their favor against Defendant State Farm Mutual Automobile Company which is in excess of $75,000, exclusive of interest and costs."[24] A plaintiff's stipulation regarding the amount in controversy is binding "if, within that stipulation, [he] expressly renounced his right to recover in excess of $75,000.00 in the event he was awarded above that amount in state court."[25] In this case, Plaintiffs have (1) expressly stipulated, by way of a binding affidavit, that the amount in controversy does not exceed $75,000.00, (2) waived any damages over $75,000.00, and (3) agreed to not enforce a judgment in which more than $75,000.00 is awarded.[26] As a result, the Court finds it is without jurisdiction to hear this matter. Remand is warranted.

## CONCLUSION

For the foregoing reasons;

**IT IS ORDERED** that Plaintiffs' motion to remand[27] this case to state court is **GRANTED**, and this case is hereby remanded to the 22nd Judicial District Court for the Parish of St. Tammany, State of Louisiana.

**New Orleans, Louisiana, this 6th day of September, 2017.**

　　　　　　　　　　　　　　　　　　_Susie Morgan_
　　　　　　　　　　　　　　　　　　**SUSIE MORGAN**
　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**

---

[24] R. Doc. 17-2, ¶ 5.
[25] *McGlynn v. Huston,* 693 F. Supp. 2d 585, 593 (M.D. La. 2010). *See also Cummings*, 2015 WL 4772185, at *4; *Guidry v. Murphy Oil USA, Inc.*, No. 12-559-SDD-RLB, 2013 WL 4542433, at *7 (M.D. La. Aug. 27, 2013); *Printworks, Inc. v. Dorn. Co., Inc.*, 869 F. Supp. 436, 440 (E.D. La. 1994) (stipulations which "fall short of stipulating that the claimant will not seek more than the jurisdictional amount" are not binding). *See also Latiolais v. Union Pacific R. Co.*, No. 6:14-2582, 2014 WL 6455595, at *2 (W.D. La. Nov. 12, 2014); *Smith v. State Farm Mut. Aut. Ins. Co.*, No. 09-6522, 2010 WL 3070399, at *2 (E.D. La. Aug. 3, 2010) ("Ambiguity over the amount in controversy was created by the pre-removal petition's allegation that the claims would likely exceed that amount. Through binding affirmative post-removal affidavits attached to the second remand motion, plaintiffs have met their burden of clarifying with legal certainty that their claims at the date of filing in state court are for less than the diversity jurisdictional amount. Therefore, remand is warranted.").
[26] *See* R. Doc. 17-2.
[27] R. Doc. 17.